IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-3369-CV-S-BP |
| DAVID FANDEL, Trustee of the D&D Foundation Trust, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss, (Doc. 15), which contends Plaintiff has failed to state a claim for a declaratory judgment establishing the amount Plaintiff must pay under a title insurance policy. Plaintiff argues that the parties' dispute as to the amount that is due has not been definitively established and is thus amenable to resolution by the Court. As discussed more fully below, Defendant's motion is denied.

## I. BACKGROUND

Defendant purchased property in Missouri and obtained title insurance from Plaintiff. Thereafter, in a quiet title action filed by Defendant against Empire Electric District Company ("Empire"), a Missouri court determined Defendant did not have valid title to the entire property. The state court's judgment specified which portions Defendant owned and which portions Empire owned. (Doc. 1, ¶¶ 11-13.) Defendant then "contend[ed] that the estimated diminution in value due to the partial failure of title is $380,0000.00 and has demanded [Plaintiff] pay said amount under the terms of the" title policy. (Doc. 1, ¶ 14.) Plaintiff insists that it is not required to pay $380,000 "because the extent of loss or damage has not been definitely fixed in accordance with the Conditions and Stipulations of the" policy. (Doc. 1, ¶ 15.) The Conditions

and Stipulations require the insured to not only set forth the basis for the diminution in value, but also prescribe methods for calculating the amount of the loss. "When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter." (Doc. 1, ¶ 18 (quoting Conditions and Stipulations, ¶ 12(b), appearing at Doc. 1-2, p. 6.)

Plaintiff contends Defendant has not properly established the amount of loss. (Doc. 1, ¶¶ 18, 36-37). For relief, Plaintiff's Complaint seeks a declaration that (1) it is not required to pay the sum Defendant demands and (2) Plaintiff is required to pay Defendant a different (but unspecified) sum. (Doc. 1, p. 11.)

## II. DISCUSSION

When considering a motion to dismiss under rule 12(b)(6), the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *E.g., Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557-58 (2007); *Horras v. American Capital Strategies, Ltd.*, 729 F.3d

2

798, 801 (8th Cir. 2013). In making this evaluation, the Court is limited to a review of the Complaint, exhibits attached to the Complaint, and materials necessarily embraced by the Complaint. *E.g., Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n.4 (8th Cir. 2003).

Defendant contends that liability was "fixed in accordance with" the policy when the Missouri court ruled in favor of Empire. (Doc. 15, p. 3.) He further describes the Missouri court's judgment as to what portions of the property were owned by Empire as establishing the "extent" of Defendant's loss. (Doc. 15, p. 4.) These points are uncontested but do not demonstrate the absence of a claim. As the Complaint establishes (and as Plaintiff's response to the Motion to Dismiss confirms), Plaintiff is not challenging the existence of a loss or the metes and bounds of the property that Defendant "lost" to Empire. The Complaint presents a dispute about the monetary value of that loss, and the Missouri judgment does not answer this question.

Thus, Defendant's repeated contentions that Plaintiff has not adequately pleaded why it is not liable are misplaced. Plaintiff does not deny it must pay Plaintiff; the question is: how much? Defendant insists that decisions from the Missouri Court of Appeals and the Eastern District of Pennsylvania supports dismissal, but these decisions address different issues. In *Davis v. Stewart Title Guarantee Co.*, the Missouri Court of Appeals addressed a title insurer's obligations upon learning of a potential cloud on an insured's title and does not address how the title insurer's obligation to pay was quantified. 726 S.W.2d 839, 850-51 (Mo. Ct. App. 1987). The issue before the Eastern District of Pennsylvania involved the statute of limitations, not the manner in which the insured's loss would be determined. *U.S. Bank, Nat. Ass'n v. First Am. Title Ins. Co.*, 944 F. Supp. 2d 386, 398-400 (E.D. Pa. 2013). The Third Circuit's affirmance confirms that the issue addressed involved the statute of limitations and not damage calculation. *U.S.*

3

*Bank Nat. Ass'n v. First Am. Title Ins. Corp.*, 570 F. App'x 209, 211 (3d Cir. 2014). The authorities Defendant cites do not justify dismissal.

Defendant seems to acknowledge the gravamen of the Complaint at the end of his Suggestions in Support when he contends Plaintiff's "disagreement regarding the value of Fandel's fixed loss does not mitigate its 'obligation' to make a fair and reasonable inquiry regarding the value of that loss and to pay the claim within thirty days." (Doc. 15, p. 4.) Defendant's contention that Plaintiff had thirty days from the date of the Missouri judgment to pay for the loss is not fully explained; it also does not provide grounds for dismissal. The parties agree that the loss is payable within thirty days after the liability and extent of loss or damage has been definitely fixed in the manner prescribed in the Conditions and Stipulations, which required that the amount of the loss be established in the manner described in those same Conditions and Stipulations. The extent of the property lost has been established; Plaintiff alleges the monetary value of that loss has not been established. If Defendant believes Plaintiff has forfeited its right under the title policy to challenge Defendant's valuation, Defendant can present this theory as an affirmative defense in its Answer.

### III.  CONCLUSION

The facts alleged in the Complaint present a dispute between the parties regarding the amount of money Plaintiff must pay Defendant. The Court concludes a cause of action has been stated, and for that reason the Motion to Dismiss, (Doc. 15), is **DENIED**.

**IT IS SO ORDERED**.

DATE: January 22, 2016

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT